UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **THOMAS EUGENE WELLS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-60 |
| | § | |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM & ORDER**

Thomas E. Wells filed a petition for a writ of habeas corpus challenging a disciplinary proceeding in the Texas Department of Criminal Justice- Correctional Institutions Division (TDCJ-CID) where he was confined pursuant to a state court felony conviction. The respondent has filed a motion for summary judgment (Dkt. # 9) asserting that Wells' claims are either procedurally barred or without merit. However, Wells has notified the court that he was released from prison on October 31, 2006 (dkt. #11), rendering his habeas petition moot. After reviewing the pleadings and records, this court has determined that this action should be **DISMISSED**.

**Procedural History**

At the time the habeas petition was filed, Wells was incarcerated pursuant to a state conviction for driving while intoxicated. *State v. Wells*, No. 99-804-K277 (277th Dist. Crt., Williamson County, Texas). He pled guilty on January 29, 2002 and was sentenced to seven years imprisonment. Wells does not challenge the validity of his state court conviction; instead, he argues that he was wrongly found guilty and punished at a prisoner disciplinary hearing.

At the disciplinary hearing conducted on July 5, 2005, Wells was found guilty of engaging in a fight without a weapon. *See* TDCJ-CID Disciplinary Hearing # 20050298313. After finding

Wells guilty, the hearing officer assessed the following punishments: loss of property for thirty days and sixty days loss of good time credits. Wells contends that the evidence was insufficient to support a finding of guilt. He further alleges that he was denied due process and that the disciplinary proceedings were conducted in violation of TDCJ-CID rules.

## Discussion

Wells notified the court on November 11, 2006 that he was no longer in prison (dkt. #11). The court has verified from the TDCJ-CID that Wells was released on mandatory discharge on October 31, 2006. Wells has not filed a response to the motion for summary judgment, and his petition will be dismissed as moot because his challenges no longer have any legal basis. An action becomes moot if the court cannot grant the petitioner any meaningful relief. *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999). Wells has attacked only his confinement in TDCJ-CID and has since been released, so the entire petition is now moot. *Lane v. Williams*, 102 S. Ct. 1322, 1327 (1982).

Therefore, this action is **DISMISSED**.

The respondent's motion for summary judgment (dkt. #9) is **DENIED** as moot.

Signed at on this 2nd day of August, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE